**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

PHIL ROSEMANN et al.,

    Plaintiffs,

vs.

ST. LOUIS BANK,

    Defendant.

No. 14-CV-983-LRR

**ORDER**

_____

The matter before the court is Plaintiffs'[1] "Motion for Release of Grand Jury Documents to Defendant" ("Motion") (docket no. 35), which Plaintiffs filed on December 31, 2014. In the Motion, Plaintiffs ask the court for permission to disclose grand jury documents and other materials obtained in *Rosemann et al. v. Sigillito et al.* ("*Rosemann I*"), 10-CV-1165 (E.D. Mo.) to Defendant St. Louis Bank. On January 7, 2015, Plaintiffs filed a "Supplement to Motion to Release Grand Jury Documents" ("Supplement") (docket no. 40). In the Supplement, Plaintiffs state that Plaintiffs' counsel notified the United States Attorney's Office for the Eastern District of Missouri and there were no objections to the disclosure. Supplement at 1.

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). Before grand jury materials can be disclosed, "[p]arties . . . must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than

---

[1] When the Motion was filed, Phil Rosemann was the sole plaintiff. However, the Amended Complaint (docket no. 39) was filed on January 2, 2015 and added numerous plaintiffs to the instant action.

the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). These requirements apply even after the grand jury's operations have concluded. *Id*. "[T]he court[] must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Id*.

Plaintiffs already possess the grand jury documents and seek to disclose them to St. Louis Bank. Plaintiffs state that St. Louis Bank would not have access to the relevant documents from other sources and that the "continued need for secrecy is reduced in this case [because] the grand jury has long since ceased its investigation." Motion at 2 (quoting *In re Grand Jury Proceedings Relative to Pearl*, 838 F.2d 304, 308 (8th Cir. 1988)) (alteration in original) (internal quotation marks omitted). In *Rosemann I*, the court identified a method the parties were required to follow in determining which materials could be obtained. Because these documents have already been disclosed in accordance with a court order, and Plaintiffs seek to disclose information in their possession to St. Louis Bank, the Motion (docket no. 35) and the Supplement (docket no. 40) are **GRANTED**. Plaintiffs Phil Rosemann et al. are permitted to disclose to Defendant St. Louis Bank the grand jury documents at issue.

**IT IS SO ORDERED.**

**DATED** this 7th day of January, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA